UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVON DAVIES, | No. 2:13-cv-1252 KJM CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| ALLEN, et al., | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Defendants. | |

Plaintiff is a California prisoner proceeding with an action for violation of civil rights under 42 U.S.C. § 1983. On August 9, 2013, the court found that service of process was appropriate for defendant Allen and recommended that defendant Brown be dismissed. In response, plaintiff objected to the recommendation that defendant Brown be dismissed and filed an amended complaint. Good cause appearing, plaintiff's original complaint will be dismissed, the court will vacate the August 9, 2013 recommendation that defendant Brown be dismissed and the court will screen plaintiff's September 24, 2013 amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges that on February 27, 2013, at California State Prison, Solano, he was quarantined with 130 other inmates due to an outbreak of chicken pox and was ordered to submit to a blood test. Plaintiff was told that if he did not submit to a blood test, he would be placed in administrative segregation until it could be proven that he did not have chicken pox. Plaintiff agreed to be tested and now asserts that while his being forced to submit to a blood test was authorized under California Health and Safety Code § 1250.4(e), his Constitutional rights were violated.

Plaintiff admits in his amended complaint that he has not exhausted administrative remedies with respect to his claims described above. Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). While failure to exhaust is an affirmative defense, if, as here, the allegations within the complaint demonstrate that administrative remedies have not been exhausted, the complaint is subject to dismissal for failure to state a claim. Jones v. Bock, 549 U.S. 199, 215 (2007).

/////

1   Plaintiff argues the usual exhaustion rule does not apply here because "a complaint
2   concerning the constitutionality of a state law is beyond the jurisdiction of an administrative
3   agency to review and would constitute a futile and idle act if pursued." Am. Compl. at 4.[1]
4   However, in Booth v. Churner, 532 U.S. 731 (2001), the Supreme Court specifically found that
5   administrative remedies must be exhausted with respect to any claim concerning prison
6   conditions brought by a prisoner, even if the specific relief sought is not available through the
7   administrative process.
8   Because it is clear plaintiff failed to exhaust administrative remedies with respect to his
9   claims before bringing them to this court, and there is no reason to excuse the failure to exhaust,
10  plaintiff's amended complaint should be dismissed and this case closed.
11  Accordingly, IT IS HEREBY ORDERED that:
12  1.  The court's August 9, 2013 recommendation that defendant Brown be dismissed is
13  vacated; and
14  2.  Plaintiff's April 22, 2013 complaint is dismissed.
15  IT IS HEREBY RECOMMENDED that this action be dismissed for failure to exhaust
16  administrative remedies.
17  These findings and recommendations are submitted to the United States District Judge
18  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
19  after being served with these findings and recommendations, plaintiff may file written objections
20  with the court.  The document should be captioned "Objections to Magistrate Judge's Findings
21  and Recommendations."  Plaintiff is advised that failure to file objections within the specified
22  /////
23  /////
24  /////
25  /////
26  /////
27
28  [1] The page number referenced is the one assigned by the court's electronic docketing system.

1 | time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

2 | (9th Cir. 1991).

3 | Dated:  October 7, 2013

                                                                */s/ Carolyn K. Delaney*

                                                                CAROLYN K. DELANEY
                                                                UNITED STATES MAGISTRATE JUDGE

8 | 1
   davi1252.dis